UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDWARD DEAN COX,

        Plaintiff,

     v.                                             Case No. 20-C-1199

CHRYSTAL MELI, et al.,

        Defendants.

---

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

On June 9, 2021, defendant Chrystal Meli filed a motion for summary judgment based on the plaintiff's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 27. That same day, defendant Robert Martin filed a motion to join defendant Meli's motion for summary judgment. Dkt. No. 31. The Court notified Plaintiff Edward Dean Cox that under Civil L. R. 56(b)(2) his response materials were due on August 9, 2021. Dkt. Nos. 32 and 34. The Court also warned Cox that under Civil L. R. 7(d) failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. Dkt. No. 32. The response deadline has passed, and Cox did not oppose either motion.

The Court has reviewed the motion for summary judgment, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and it concludes that the defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by the defendants and deemed true by the Court, Cox did not timely file or appeal any inmate complaint alleging that either Meli or Martin ignored his complaints of pain after he slipped and

fell in the dish room in November 2017.  *See* Dkt. No. 28 at 6-7; *see also* Dkt. No. 29.  The defendants are therefore entitled to summary judgment based on failure to exhaust administrative remedies prior to bringing this lawsuit.  Additionally, the Court also finds that Cox's failure to respond to the defendants' motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance.  *See* Civ. L. R. 7(d).

**IT IS THEREFORE ORDERED** that defendant Martin's motion to join defendant Meli's motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 31) is **GRANTED**; the defendants' motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 27) is **GRANTED**; and this case is **DISMISSED**.  The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 17th day of August, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

---

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.